IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CALVIN CECIL JONES, Movant, | ::: | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | :: | CRIMINAL ACTION NO. 1:02-CR-443-CC-LTW-1 |
| UNITED STATES OF AMERICA, Respondent. | :: | CIVIL ACTION NO. 1:12-CV-2392-CC-LTW |

## **FINAL REPORT AND RECOMMENDATION**

Movant is confined at the federal prison in Butner, North Carolina. Movant, pro se, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 139 in 1:02-cr-443-CAP-LTW.) Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings. The undersigned has examined Movant's § 2255 motion and the record of prior proceedings in this case and finds it plainly apparent that Movant is not entitled to relief because his motion is untimely.

On November 25, 2002, Movant pled guilty, pursuant to a negotiated plea agreement, to conspiracy to possess crack cocaine with intent to distribute it. (Doc. 74.) On March 11, 2003, the Court sentenced Movant to 262 months in prison, ten years of supervised release, and a special assessment. (Doc. 84.) Movant did not appeal his conviction or sentence. (Doc. 139 at 2.)

Movant placed his § 2255 motion in the prison mail system on July 3, 2012, for delivery to the Court. (Doc. 139-1 at 3.) The § 2255 motion is therefore deemed filed on that date. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 (11th Cir. 2001) (pro se prisoner filings are deemed filed in federal court on date given to prison officials for mailing). Movant alleges in his § 2255 motion that the Court erred in enhancing his sentence based on a state criminal conviction for which he was sentenced to only probation and community service. (Doc. 139-1 at 2-3.) Movant relies on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) as support for his claim. (*Id.*) Movant asks the Court to "vacat[e] his current sentence with the erroneous enhancement, and re-sentence within his prescribed guideline range." (*Id.* at 3.)

As explained below, it is plainly evident that Movant's § 2255 motion is untimely. Thus, Movant is not entitled to relief under § 2255.

A one-year statute of limitations applies to a § 2255 motion. 28 U.S.C. § 2255(f).

2

The limitations period typically runs from the date on which the judgment of conviction becomes final. *Id.* § 225(f)(1). However, if the movant asserts a right newly recognized by the U.S. Supreme Court and made retroactively applicable to cases on collateral review or discovered facts supporting his claim that could not have been discovered earlier with due diligence, the limitations period begins on the date of the Supreme Court decision or the date the new facts are discovered. *Id.* § 2255(f)(3)-(4); *see Dodd v. United States*, 365 F.3d 1273, 1281 (11th Cir. 2004) (holding that in the case of a right newly recognized by the Supreme Court, the limitations period begins on the date of the Supreme Court decision recognizing that right and not the later date when the right is made retroactively applicable).

Movant contends that his limitations period began when the U.S. Court of Appeals for the Fourth Circuit decided *Simmons* on August 17, 2011, because the U.S. Supreme Court had sent the case back to the Fourth Circuit for further consideration in light of *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010). (Doc. 139 at 12.) Movant argues that § 2255(f)(3) or (f)(4) therefore applies. (*Id.*)

Section § 2255(f)(3) does not apply here because *Simmons* is a decision by a federal circuit court, not the Supreme Court, and only a Supreme Court decision recognizing a new right can trigger application of § 2255(f)(3). *See* 28 U.S.C.

3

§ 2255(f)(3); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) ("[A] decision from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under § 2255."). To the extent Movant contends that the Supreme Court's decision in *Carachuri-Rosendo* or its order remanding *Simmons* to the Fourth Circuit qualify under § 2255(f)(3) as decisions recognizing new rights, he did not file his § 2255 motion within one year of the date of those decisions. *See Carachuri-Rosendo*, 130 S. Ct. at 2577 (decision rendered on June 14, 2010); *Simmons v. United States*, 130 S. Ct. 3455 (2010) (mem.) (decision vacating and remanding case to court of appeals rendered on June 21, 2010). Movant also has not shown that either of those Supreme Court decisions recognized new rights that have been made retroactively applicable to cases on collateral review.

Section § 2255(f)(4) does not apply here because *Simmons*, a decision by a federal appeals court, does not constitute a "fact" under that statutory provision. *See* 28 U.S.C. § 2255(f)(4); *E.J.R.E.*, 453 F.3d at 1097-98 ("A decision such as the one promulgated [by this court] in *J.W.T.*, unlike a predicate conviction, is a ruling exclusively within the domain of the courts and is incapable of being proved or disproved."); *United States v. Hardison*, No. 4:11-CV-196-FL, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011) (holding that "the Fourth Circuit's decision in *Simmons* does not constitute a 'fact

4

supporting [petitioner's] claim'" because "[t]o hold now that appellate court decisions constitute 'facts' under § 2255(f)(4), and therefore could serve as the tolling dates for § 2255 motions, would render moot § 2255(f)(3)"). As this Court has previously recognized, "[A] court ruling in a case unrelated to the movant's case . . . cannot qualify as a newly discoverable fact under § 2255(f)(4)." Order, *Valdovinos-Busto v. United States*, No. 1:03-CR-493-ODE-7, at \*6 (N.D. Ga. Feb. 15, 2011).

Section § 2255(f)(1) therefore applies in this case, i.e., the limitations period began when Movant's judgment of conviction became final. A judgment of conviction becomes final when all appeals have been decided or the time to seek further review has expired. *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003). In this case, Movant had ten days from the date the Court entered his judgment of conviction, or until March 25, 2003, to file a notice of appeal.[1] *See* Fed. R. App. P. 4(b)(1)(A) (2003); (Doc. 84.) Movant filed no appeal, so his judgment of conviction became final, and § 2255's one-year statute of limitations commenced, on March 25, 2003. The limitations period

---

[1] The ten-day deadline applied when the Court entered its judgment on Movant's conviction in 2003 and did not include weekends or holidays. *See* Fed. R. App. P. 26(a)(2) (2003). The deadline was later increased to fourteen days.

5

ended on March 25, 2004.[2] As noted above, Movant filed his § 2255 motion on July 3, 2012, over eight years after the statute of limitations expired. (Doc. 139-1 at 3.) Movant's § 2255 motion is therefore untimely. *See Hardison*, 2011 WL 6780783, at *1-2 (denying as untimely § 2255 motion filed over one year after deadline to appeal had expired and rejecting argument that § 2255(f)(3) or (f)(4) applied because of the Fourth Circuit's decision in *Simmons*).

A federal court can consider the merits of an untimely § 2255 motion only if the movant establishes that he is actually innocent of the crime for which he was convicted or that the limitations period should be equitably tolled. *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The actual innocence exception is exceedingly narrow in scope, and the [movant] must demonstrate that he is factually innocent rather than legally innocent." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (quotation marks omitted). The limitations period may be equitably tolled only if the movant demonstrates that his delay in filing his § 2255 motion resulted from extraordinary

---

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

6

circumstances outside his control and that he exercised reasonable diligence in pursuing his rights. *Holland v. Florida*, 130 S. Ct. 2549, 2562, 2565 (2010). Movant does not contend that either limited exception to untimely § 2255 filings applies here, and nothing in the record supports either exception.

Accordingly, the undersigned **RECOMMENDS** that Movant's untimely motion to vacate his conviction under 28 U.S.C. § 2255 [139] be **DENIED** under Rule 4 of the § 2255 Rules and that civil action number 1:12-cv-2392-CC-LTW be **DISMISSED**. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006) (holding that district courts may sua sponte dismiss habeas petitions after affording the parties fair notice).[3] The undersigned further **RECOMMENDS** that Movant be **DENIED** a certificate of appealability because it is not reasonably debatable that his § 2255 motion is untimely. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 18 day of July, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[3] This Report and Recommendation provides such notice and, as indicated in the attached Order for Service, an opportunity for the parties to file any objections.

7