IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CALVIN CECIL JONES, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:02-CR-443-CC-LTW-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:12-CV-2392-CC-LTW |

## **ORDER**

Movant, pro se, filed a motion under 28 U.S.C. § 2255 to vacate his sentence in this case, which the Court imposed on March 11, 2003. (Doc. 139 in 1:02-cr-443-CAP-LTW.) Magistrate Judge Walker issued a Report and Recommendation that the motion be denied under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts because it is untimely. (Doc. 141 ("R&R").)

The R&R correctly noted that Movant's conviction became final on March 25, 2003. (R&R at 5.) Absent the applicability of one of the alternate starting dates for § 2255's one-year statute of limitations, Movant had until March 25, 2004 to file his § 2255 motion. (*Id.* at 5-6); *see* 28 U.S.C. § 2255(f). Movant filed his § 2255 motion on July 3, 2012. (Doc. 139-1 at 3.)

In his § 2255 motion and his objections to the R&R, Movant argues that the one-year limitations period did not begin until the U.S. Court of Appeals for the Fourth Circuit issued its opinion in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) on August 17, 2011. Movant contends that the Fourth Circuit ruling is a "fact" for purposes of § 2255(f)(4), which provides that the limitations period may begin on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." (Doc. 143); *see* 28 U.S.C. § 2255(f)(4).

As Judge Walker correctly concluded, a court decision cannot serve as a "fact" that triggers the limitations period under § 2255(f)(4). *See E.J.R.E. v. United States*, 453 F.3d 1094, 1097-98 (8th Cir. 2006) ("A decision such as the one promulgated [by this court] in *J.W.T.*, unlike a predicate conviction, is a ruling exclusively within the domain of the courts and is incapable of being proved or disproved."); *United States v. Hardison*, No. 4:11-CV-196-FL, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011) (holding that "the Fourth Circuit's decision in *Simmons* does not constitute a 'fact supporting [petitioner's] claim'" because "[t]o hold now that appellate court decisions constitute 'facts' under § 2255(f)(4), and therefore could serve as the tolling dates for § 2255 motions, would render moot § 2255(f)(3)"); Order, *Valdovinos-Busto v. United*

2

*States*, No. 1:03-CR-493-ODE-7, at *6 (N.D. Ga. Feb. 15, 2011). While there may be similarities between the facts in the *Simmons* case and Movant's case, § 2255(f)(4) applies only to facts in the present case, i.e., Movant's case. Movant was not a party to *Simmons* and has no personal connection to that case. *See generally Simmons*. Similar legal issues in *Simmons* and this case do not trigger application of § 2255(f)(4), as that provision focuses solely on factual evidence, not law, supporting a movant's claims.

The Court disagrees with Movant that this is a "complex issue" warranting a certificate of appealability. (Doc. 143 at 3.) The U.S. Court of Appeals for the Eleventh Circuit has rejected an argument, like Movant's, that discovery of new law or a court opinion separate from the § 2255 movant's case triggers § 2255(f)(4). *See Madaio v. United States*, 397 F. App'x 568 (11th Cir. 2010) (claim in § 2255 motion relying on recent Ninth Circuit decision was untimely). "Since Section 2255(f)(4) is predicated on the date that '*facts* supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period." *Id.* at 570. That conclusion is not reasonably debatable given the text of § 2255(f)(4).

3

Accordingly, Movant's objections to the R&R [143] are **OVERRULED**. The Court **ADOPTS** the R&R [141] as the opinion of the Court. Movant's § 2255 motion [139] is **DENIED** and Movant is **DENIED** a certificate of appealability.

**SO ORDERED** this 27th day of August, 2012.

s/ CLARENCE COOPER
CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)